## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Fellows, Alicia Bonner, and Catherine Wyatt, | No. |
| Plaintiffs, | |
| v. | **Class Action Complaint** |
| Minnesota Association of Professional Employees, | |
| Defendant. | |

## INTRODUCTION

1.    In *Janus v. AFSCME,* 138 S. Ct. 2448, 2478 (2018), the United States Supreme Court held unions violated the First Amendment by seizing agency fees from public-sector employees without their consent. Plaintiffs, individually and on behalf of the proposed class of all agency fee-payers whose money was taken by Minnesota Association of Professional Employees ("MAPE" or "the Union") in violation of their First Amendment rights, sue for the return of their money under 42 U.S.C. § 1983.

## PARTIES

2.    Plaintiff Mark Fellows is a Licensed Social Worker/Intake Coordinator working at the Minnesota Department of Human Services. Mr. Fellows was forced to pay agency fees to MAPE against his will from July 6, 1997 through June 27, 2018.

3.    Plaintiff Alicia Bonner is a Career Vocational Rehabilitation Counselor working at the Minnesota Department of Employment and Economic Development.

Ms. Bonner was forced to pay agency fees to MAPE against her will from her hire date in May 2010 through June 27, 2018, which is the date the Supreme Court decided *Janus*.

4.    Plaintiff Catherine Wyatt is a former Revenue Collection Officer at the Minnesota Department of Revenue, where she worked from October 1981 through her retirement in June 2019. Ms. Wyatt was forced to pay agency fees to MAPE from 2008 through June 27, 2018.

5.    MAPE is a labor union representing public sector employees throughout the State of Minnesota. Its main office is located at 3460 Lexington Ave N, Suite 300, Shoreview, Minnesota 55126.

## JURISDICTION AND VENUE

6.    This case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7.    Venue is appropriate under 28 U.S.C. § 1391(b) because the Union has its headquarters in and a substantial portion of the events giving rise to the claims occurred in the District of Minnesota.

## FACTUAL ALLEGATIONS

8.    The Minnesota Public Employment Labor Relations Act authorizes exclusive representatives, such as MAPE, to require employees who are not union members to pay agency fees to the union as a condition of their employment. *See* Minn. Stat. § 179A.06 Subd. 3. The Act provides that "[t]he employer shall deduct

2

the fee from the earnings of the employee and transmit the fee to the exclusive representative 30 days after the written notice was provided [by the exclusive representative]." *Id.*

9.    The collective bargaining agreements between MAPE and the State of Minnesota applicable during the relevant time covered by this complaint — including the current 2019-2021 collective bargaining agreement — contain a provision requiring the State of Minnesota to deduct agency fees from non-members on behalf of MAPE. 2019-2021 CBA, Article 3, Section 2, page 9; 2017-2019 CBA, Article 3, Section 2, page 7.

10.    From times prior to May 2014 to on or around June 27, 2018, and acting under color of state law, MAPE compelled employees who were not union members to pay agency fees to MAPE by causing the State of Minnesota to deduct agency fees from those employees' earnings and without their consent. This includes having the State of Minnesota deduct agency fees from the Plaintiffs' earnings at times during which they were nonmembers of MAPE and without their consent.

11.    After the Supreme Court's decision in *Harris v. Quinn*, 134 S. Ct. 2618 (2014), MAPE knew or should have known that its agency fees seizures may violate public employees' First Amendment rights.

## CLASS ACTION ALLEGATIONS

12.     This case is brought as a class action under Fed. R. Civil P. 23(b)(3) by Plaintiffs ("Class Representatives") for themselves and for all others similarly situated. The class consists of all current and former Minnesota state employees from whom MAPE collected agency fees from May 8, 2014 to June 27, 2018.

13.     Upon information and belief, the number of persons in the class is so numerous that joinder is impractical. The most recent data publicly available is from a 2013 report from the State of Minnesota Office of Legislative Auditor, which found that MAPE had 4,572 fee-payers at that time.

14.     There are questions of law and fact common to all class members, including Class Representatives, namely whether the Union owes damages to agency fee-payers whose First Amendment rights the Union violated.

15.     Class Representatives' claims are typical of class members' claims because Class Representatives had agency fees seized from by MAPE in violation of their First Amendment rights and 42 U.S.C. § 1983.

16.     Class Representatives are adequate to represent the class and have no conflict with other class members.

17.     Class Counsel is provided by national public-interest legal aid organizations who are experienced in representing employees in federal litigation over labor law issues, having litigated many important cases in this area of law. These attorneys are able to represent the interests of the class and will fairly and adequately do so.

18. The class identified above can be maintained under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned agency fee deductions violate their First Amendment rights.

19. The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by Defendant's actions, differing only in the amount of money deducted. This fact is known to Defendant and easily calculated from Defendant's business records. The limited amount of money involved in the class of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

20. The constitutional violations perpetrated by the Union against all non-members were taken according to the same statutes and collective bargaining agreement, and constitute a concerted scheme that violates Class Representatives' rights at multiple levels and locations.

## CAUSE OF ACTION

**By collecting agency fees from non-members, the
Union deprived Plaintiffs and class members of their
First Amendment rights in violation of 42 U.S.C. § 1983.**

21. The allegations contained in all preceding paragraphs are incorporated herein by reference.

22.    MAPE acted under color of Minnesota state law and as a state actor when compelling public employees to pay agency fees as a condition of their employment, causing and coordinating with the State of Minnesota to deduct agency fees from public employees' earnings, and collecting agency fees.

23.    MAPE deprived Plaintiffs and class members of their First Amendment rights, as secured against infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by seizing and collecting agency fees from Plaintiffs and class members.

24.    Plaintiffs and class members suffered losses of property and damages as a direct result of MAPE's deprivation of their First Amendment rights.

## PRAYER FOR RELIEF

Plaintiffs Mark Fellows, Alicia Bonner, and Catherine Wyatt respectfully request that this Court:

a.    Certify the class and appoint the undersigned as class counsel; and

b.    Enter a judgment declaring that MAPE violated Plaintiffs' and class members' First Amendment rights by negotiating and maintaining the agency fee provisions of the collective bargaining agreement, by which the State, as employer, would withhold agency fees from employees who were not members of MAPE on behalf of the Union;

c.    Enter a judgment declaring that the MAPE deprived Plaintiffs' and class members' their First Amendment rights, as secured against infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by seizing and collecting agency fees from Plaintiffs and class members;

d.    Award actual damages to Plaintiffs and class members in the full amount of fees and any assessments seized from their wages from before June 27, 2018, plus interest, for violations of their First Amendment rights;

e.    Award costs and attorneys' fees to Plaintiffs under 42 U.S.C. § 1988; and

f.    Award any further relief to which Plaintiffs may be entitled.

Respectfully submitted,

Dated: May 8, 2020

**Plaintiffs Mark Fellows, Alicia Bonner, and Catherine Wyatt**,

By:    <u>/s/ Craig S. Krummen</u>
        Craig S. Krummen #0259081
        Greenberg Traurig, LLP
        90 South 7th St., Suite 3500
        Minneapolis, MN 55402
        Telephone: 612-259-9719
        krummenc@gtlaw.com

Jeffrey M. Schwab (IL Bar No. 6290710)*
Daniel Suhr (WI Bar No. 1065568)*
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone: 312-263-7668
jschwab@libertyjusticecenter.org
dsuhr@libertyjusticecenter.org

William L. Messenger (VA Bar No. 47179)*
c/o National Right to Work Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
Telephone: 703-321-8510
wlm@nrtw.org

Douglas P. Seaton (MN Bar No. 127759)
Upper Midwest Law Center
8421 Wayzata Blvd. Suite 105
Golden Valley, MN 55426
Telephone: 612-428-7001
Doug.Seaton@UMWLC.org

***Pro Hac Vice** to be filed

***Counsel for Plaintiffs***

8