UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Fellows, Alicia Bonner, and Catherine Wyatt, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Minnesota Association of Professional Employees,<br><br>Defendant. | Case No. 20-cv-01128 (SRN/ECW)<br><br><br>**ORDER** |

Craig S. Krummen, Greenberg Traurig, LLP, 90 South Seventh Street, Suite 3500, Minneapolis, MN 55402; Daniel Robert Suhr and Jeffrey Michael Schwab, Liberty Justice Center, 208 South LaSalle Street, Suite 1690, Chicago, IL 60604; Douglas P. Seaton, Upper Midwest Law Center, 8421 Wayzata Boulevard, Suite 105, Golden Valley, MN 55426; and William L. Messenger, National Right to Work Legal Defense Foundation, 8001 Braddock Road, Suite 600, Springfield, VA 22160, for Plaintiffs.

Amanda C. Lynch, Patrick C. Pitts, and Scott A. Kronland, Altshuler Berzon LLP, 117 Post Street, Suite 300, San Francisco, CA 94108; and Brendan D. Cummins and Justin D. Cummins, Cummins & Cummins, LLP, 920 Second Avenue South, Suite 1245, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Reconsideration [Doc. No. 39] filed by Defendant Minnesota Association of Professional Employees. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motion.

1

I.     **BACKGROUND**

On February 12, 2021, this Court granted Defendant's Motions to Dismiss in this matter and in a related lawsuit, *Brown v. American Federation of State, County and Municipal Employees, Council No. 5, AFL-CIO*, No. 20-cv-1127. Counsel for Plaintiffs also represent the plaintiffs in *Brown*. Following its February 12 Order, the Court entered judgment in this matter on February 12, 2021 and in *Brown* on February 17, 2021. Plaintiffs' counsel represent that, due to a clerical error, counsel recorded the deadline for filing a Notice of Appeal based on the judgment entered in *Brown*, rather than the earlier date on which judgment was entered in this matter. (*See* Corrected Mot. for Ext. of Time to File Notice of Appeal [Doc. No. 34], at 2-3.) As a result, Plaintiffs did not file a Notice of Appeal within the 30-day period required by Federal Rule of Appellate Procedure 4(a)(1).

Subsequently, on March 19, 2021—four days after the deadline to file the Notice of Appeal expired—Plaintiffs moved for a one-day extension of time to file the Notice under Rule 4(a)(5). On March 22, 2021, the Court granted that motion—although Defendants had not yet filed a responsive memorandum—and Plaintiffs filed their Notice of Appeal that same day. (*See* Order [Doc. No. 35]; Notice of Appeal [Doc. No. 37].) Later that day, Defendants filed a letter explaining their opposition to granting a Rule 4(a)(5) extension, and requested leave to file a Motion for Reconsideration. (*See* Letter to Req. Permission to File Mot. to Reconsider [Doc. No. 36].) The Court granted Defendants' request, and their Motion for Reconsideration is now before the Court.

## II. DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) permits a district court to extend the time to file a notice of appeal if the party's motion is filed within 30 days of the original deadline and the party shows excusable neglect or good cause. Plaintiffs filed their Rule 4(a)(5) motion within 30 days of the original deadline. But because Plaintiffs filed their motion after the original deadline expired, the applicable standard is excusable neglect rather than good cause. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 n.5 (8th Cir. 2000) ("The good cause standard is applicable only when the party seeking an extension files her 4(a)(5) motion within the thirty-day period allowed for filing a timely notice of appeal, that is, when she is seeking permission to file late rather than forgiveness for having filed late." (citation omitted)). Accordingly, the Court's Order extending the filing deadline was proper, and the Court will deny Defendants' Motion for Reconsideration, if Plaintiffs have shown excusable neglect for missing Rule 4(a)(1)'s deadline.

The standard for excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such circumstances include "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation omitted). The Eighth Circuit has recognized that "[t]he four *Pioneer* factors do not carry equal

3

weight; the excuse given for the late filing must have the greatest import." *Lowry*, 211 F.3d at 463.

Although the excuse given is the "key to the analysis," *id.*, excusable neglect may exist where other equitable factors outweigh a poor excuse, and courts generally must consider those factors. *See id.* ("[A] finding of sufficient innocence on the part of the movant is not a condition precedent to our obligation to consider the other equitable factors . . . ."); *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010) ("*Lowry* does not support the conclusion that the district court erred by considering the equitable factors, such as the lack of prejudice to Chorosevic and Appellees' good faith. Indeed, *Lowry* suggests the opposite—that the district court was obligated to consider those factors."); *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006) ("Whether the movant had a good reason for delay is a key factor in the analysis, but even without a satisfactory explanation, relief may be required where other equitable considerations weigh strongly in favor of setting aside the default judgment." (citing *Lowry*, 211 F.3d at 463)); *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) ("Although we have indicated in past cases that the reason for a party's delay is a key consideration in determining whether that party's negligence is excusable, this principle does not provide *carte blanche* to a district court to disregard the other considerations that *Pioneer Investment* identified.").

The Court begins its analysis with the "key" factor—Plaintiffs' reason for missing the deadline to file their Notice of Appeal. Plaintiffs' counsel represent that, due to a clerical error, counsel recorded the deadline for filing a Notice of Appeal based on the

4

judgment entered in the closely related *Brown* case, rather than the earlier date on which judgment was entered in this matter. (*See* Corrected Mot. for Ext. of Time to File Notice of Appeal at 2-3.) Defendants argue that this excuse does not support relief under Rule 4(a)(5), relying heavily on *Lowry*.

In *Lowry*, the Eighth Circuit held that the district court abused its discretion in permitting a late filing under Rule 4(a)(5). 211 F.3d at 464. There, the late party's excuse was that his counsel incorrectly calculated the 30-day window to appeal, due to counsel's belief that the thirtieth day fell on a weekend when in fact it fell on a Friday. *Id.* at 463–64. Counsel's excuses conveyed a lack of understanding regarding when the thirty-day window begins and whether it includes intervening weekends. *See id.* The court reasoned that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 464 (quoting *Pioneer*, 507 U.S. at 392). Moreover, "[n]otwithstanding the 'flexible' *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal. 'Here the rule is crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable.'" *Id.* (quoting *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996)). Thus, the court concluded: "What we have, then, is garden-variety attorney inattention," which does not constitute excusable neglect. *Id.*

In this case, Plaintiffs' error is not so "egregious," nor is Plaintiffs' excuse so thin. Plaintiffs' counsel did not mistake the deadline due to a failure to understand and follow the rules—rather, counsel erroneously referred to the judgment date of a closely related case, in which the Court's ruling was issued the same day but judgment was entered several

5

days later. Thus, this case is more like *Treasurer, Trustees of Drury Industries, Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888 (8th Cir. 2012). There, the Eighth Circuit found excusable neglect where counsel's computer program outputted a deadline one day later than the proper deadline. *Id.* The court reasoned: "We have recognized that 'excusable neglect includes late filings caused by inadvertence, mistake or carelessness.' To be reasonable, it is not necessary that the neglect be 'caused by circumstances beyond the control of the movant.'" *Id.* at 893 (first quoting *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999); then quoting *Lowry*, 211 F.3d at 463). In holding that the district court did not abuse its discretion in granting a Rule 4(a)(5) extension, the court observed that "Drury missed the deadline not because it ignored the deadline or procrastinated but because it made an error in attempting to comply." *Id.*

Likewise, Plaintiffs' counsel made an error in attempting to comply with the rules. Although within counsel's control, that error does not reflect a generally inexcusable failure to understand the rules, but rather a mistake or carelessness in attempting to comply with the rules. Excusable neglect may include such mistakes. *See id.*

Moreover, the other equitable considerations weigh in favor of granting Plaintiffs' motion. Plaintiffs moved for an extension only four days after the deadline passed, and filed their Notice of Appeal the same day that motion was granted. It is true that, as the *Lowry* court observed, "it seems that the delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal." 211 F.3d at 463. Yet the *Lowry* court also recognized that such factors

6

remain relevant, and subsequent cases have confirmed that these factors can bolster an otherwise poor excuse. *Id.*[1] Further, there is no indication that Plaintiffs or their counsel have acted in bad faith.

In sum, the Court finds that Plaintiffs have shown excusable neglect justifying the brief extension of time to file their Notice of Appeal provided in this Court's prior Order.[2] Plaintiffs' excuse is distinct from that offered in *Lowry*, and more similar to *Drury Industries*, where the Eighth Circuit upheld the district court's grant of relief under Rule 4(a)(5). Further, the length of the delay, lack of prejudice to Defendants, and Plaintiffs' good faith also weigh in favor of finding excusable neglect. To deny Plaintiffs' motion would have worked an inequitable forfeiture of Plaintiffs' appeal rights, and Rule 4(a)(5) permitted the Court to avoid such forfeiture by granting Plaintiffs' motion for a brief

---

[1] *See also Feeney*, 472 F.3d at 563 (noting, in the default judgment context, that "even without a satisfactory explanation, relief may be required where other equitable considerations weigh strongly in favor of setting aside the default judgment"); *Union Pac. R. Co.*, 256 F.3d at 783 (noting, in the context of a Rule 60(b)(1) motion to set aside a default judgment after the defendant failed to file an answer "because of a recording error by its legal department," "[b]ecause Progress Rail's negligence involved only a minor mistake, we believe that the other equitable considerations that *Pioneer Investment* identified are entitled to significant weight in determining whether the motion under Fed. R. Civ. P. 60(b)(1) should be granted").

[2] Defendants argue that Plaintiffs must provide some documentary evidence, such as an affidavit, evidencing their counsel's excuse in order to "show" excusable neglect. But Defendants have not identified, and the Court has not found, binding authority endorsing that proposition. And when Plaintiffs' counsel signed the motion papers containing counsel's excuse, they certified to the Court that their "factual contentions"—including that excuse—"have evidentiary support." Fed. R. Civ. P. 11(b)(3). In the Court's view, Plaintiffs' counsel were not required to say the same thing in a separate affidavit or declaration for the Court to accept counsel's representations regarding the reason for their failure to timely file the Notice of Appeal.

extension of time to file their Notice of Appeal. Accordingly, the Court denies Defendant's Motion for Reconsideration.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [Doc. No. 39] is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2021                                        s/Susan Richard Nelson
                                                                              SUSAN RICHARD NELSON
                                                                              United States District Judge